UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

YOEL ABRAHAM,

Defendant.

20-CR-411 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

As discussed at yesterday's oral argument, the Government shall inform the Court no later than November 12, 2026, whether it has employed the same methodology to calculate restitution and forfeiture with respect to Mr. Abraham as it employed to calculate restitution and forfeiture with respect to Mr. Abraham's three brothers. If the Government did not employ the same methodology, it shall inform the Court how the calculation of restitution and forfeiture differed between Mr. Abraham and his three brothers and whether any difference in the calculation should bear on the Court's analysis. By the same date, the parties shall also submit a joint letter informing the Court whether they expect to be able to reach an agreement as to the calculation of restitution and forfeiture.

The Court also has an additional question regarding the "warehousing costs." The Government seeks restitution for "warehousing costs that Amazon incurred to store unwanted, excess inventory that it received from [Mr. Abraham] as part of the [D]efendant's fraudulent scheme." Dkt. 340 at 1. In a supplemental declaration, Michael Kettner, Risk Manager for the Amazon Counterfeit Crimes Unit, represented that "a reasonable estimate of Amazon's costs in storing [Mr. Abraham's] inventory from September 2018 (around the time Amazon last issued a purchase order to the Defendant) through the present is well over $1 million dollars." Dkt. 306, Ex. 1 at 5. The supplemental declaration does not

specify how Mr. Kettner arrived at this estimate. The Court thus invites the Government to submit a supplemental declaration and letter, no later than November 30, 2026, to clarify how it estimated the cost that Amazon incurred to store excess inventory that it received from Mr. Abraham and whether storage of the excess inventory was necessary to allow Amazon to later sell the excess goods that it received. *See* 18 U.S.C. § 3664(d)(4) (authorizing a court to "require additional documentation or hear testimony" when calculating restitution); *United States v. Gushlak*, 728 F.3d 184, 193-94 (2d Cir. 2013) (noting that the procedures needed to resolve restitution disputes "lie within the discretion of the sentencing court . . . so long as the defendant is given an adequate opportunity to present his position"). If the Government elects to submit a supplemental declaration and letter, Mr. Abraham may file a response no later than two weeks after the Government's submission.

SO ORDERED.

Dated: November 5, 2026
New York, New York

Ronnie Abrams
United States District Judge